THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE ULSTER AND DELAWARE RAILROAD COMPANY, Appellant, v. EDWARD BURHANS, Town Clerk, etc., Respondent, Impleaded with Others.

*Review of assessment under chapter 269 of 1880 — the assessment rolls should be delivered to the town clerk.*

APPEAL from a judgment entered upon an order, entered at the Delaware Special Term, quashing a writ of *certiorari*, directed to the assessor and town clerk of the town of Roxbury, for the purpose of reviewing the assessment of the appellant's real estate in that town.

The court at General Term said : " This proceeding was taken under the provisions of chapter 269 of the Laws of 1880, to review and correct the assessment roll of the town of Roxbury, in the county of Delaware.

The assessment roll was completed and verified by the assessors on the nineteenth of August; and on that day those officers delivered the roll in duplicate, one to the supervisor, the other to the town clerk. On the twenty-eighth of the same month they gave public notice, as required by section 9 of the act referred to, that the roll had been finally completed and delivered by them to the town clerk, and that it would remain open at his office to public inspection for the period of fifteen days thereafter. Within the

PEOPLE ex rel. U. & D. R. R. CO. v. BURHANS.    187

THIRD DEPARTMENT, SEPTEMBER TERM, 1881.

time so specified, the writ of *certiorari* herein, directed to the town clerk and assessors, was obtained and served. Return was made by those officers respectively; whereupon a motion was made at Special Term to quash the suit as to the town clerk and to strike out his return thereto, and such motion was granted upon the ground, as stated in the order, that he was not the legal custodian of the assessment roll, and not a proper party to the suit. In this we are of the opinion that the Special Term was in error. Section 9 of the act under which these proceedings were instituted provides as follows: "All assessment rolls, when finally completed and verified by the assessors, shall, in towns, on or before the first day of September, and in incorporated villages and cities at the time prescribed by their respective charters or laws applicable to them, be delivered to the town, village or city clerk, or other officer, to whom such rolls are or may be required by law to be delivered, and there to remain with such clerk or other officer for a period of fifteen days." Omitting such parts of this section as have application to incorporated villages and cities, it reads thus: "All assessment rolls, when finally completed and verified by the assessors, shall in towns, on or before the first day of September  *  *  *  be delivered to the town clerk  *  *  *  and there to remain with such clerk  *  *  *  for a period of fifteen days." Thus read, the law is clear and specific, and for the period of fifteen days the town clerk is made the custodian of the roll. But it is insisted that the clause "or other officer, to whom such rolls are or may be required by law to be delivered," applies to towns as well as to incorporated villages and cities, and that the law (1 R. S. [6th ed.], 939, § 26) requires the assessors to deliver the roll to the supervisor. But a fair reading of section 9 makes the clause above cited refer and apply to villages and cities when, by their repective charters, the roll is directed to be delivered to some other officer than the village clerk. A different construction of this section would wholly ignore the town clerks of towns in all cases. Yet this was not intended, because the law declares that the roll shall be delivered (in some cases) to the town clerk. The assessors understood it to be their duty to deliver the roll to the town clerk, and they did so deliver it, and gave the notice required by the law that it was with him for public inspection. It may be that the provision of the Revised

Statutes requiring a delivery of the roll to the supervisor remains in force. In that case it would be incumbent on the assessors to deliver the roll in duplicate, as they actually did in this case, one to the supervisor, the other to the town clerk. But that is not the question here. The question here is whether the assessors were required by section 9 of the act of 1880 to deliver a completed and verified roll to the town clerk, as they in fact did do. We think this was required of them by law.

Again, they did in fact deposit the roll with the town clerk, and gave public notice that it would remain with him at his office for fifteen days for public inspection. He thus became the custodian in fact of the roll, and of the only completed and verified roll to which the attention of the public was called by the assessors' notice. The writ would therefore properly go to him under the provisions of sections 2129 of the Code of Procedure, which declares that " the writ must be directed to the body or officer whose determination is to be reviewed, or to any other person having the custody of the record or other papers to be certified, or to both if necessary." So the writ was well directed to the town clerk, who was at the time an actual custodian of the roll. This provision of the Code was intended, in part at least, to prevent a failure of justice through the shuffling of the roll around from one person or officer to another, before its purpose could be made effectual by its service."

*P. Cantine,* for the relator.

*J. H. Maynard,* for the respondent.

Opinion by BOCKES, J.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, with costs.